ELIZABETH B. ANDREWS, RESPONDENT, v. MARY L.
WESTAWAY, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

An oral promise to pay one thousand dollars by the defendant to the
plaintiff, in consideration of a sale and conveyance of land to a
third person, the grantee named in a written agreement made
between the plaintiff and such third person is not barred by the
statute of frauds.    Such promise is enforceable.    The statute
of frauds is not applicable.    The case is controlled by *Birch* v.
*Baker*, 85 *N. J. L.* 660.    The principle of that case reaffirmed
and applied.

On appeal from the Supreme Court.

For the appellant, *Runyon & Johnson* and *Walter L. Mc-
Dermott*.

For the respondent, *Lehlbach & Van Duyne*.

The opinion of the court was delivered by

BLACK, J.    The meritorious and only question presented
for solution on this appeal is settled by our decision in the
case of *Birch* v. *Baker*, 85 *N. J. L.* 660.    In that case the
question presented was whether a promise, not in writing, to
pay the owner of lands an agreed consideration if he convey
the land to one in performance of a written contract by the
promisor, to secure such conveyance, and the owner does
convey as requested, relying upon such promise, is enforce-
able.    It was there held that such a promise is enforceable as
not being barred by the statute of frauds, overruling the
Supreme Court in the case of *Birch* v. *Baker*, 79 *Id.* 9, which
held that such a promise was unenforceable under the statute
of frauds.    While the facts in the case under discussion are
not precisely like those of *Birch* v. *Baker*, 85 *Id.* 660, they
fall, however, within the scope of that decision.    There is no
substantial legal distinction between the two cases.    In that

case a written contract for the sale of land had been executed by a delivery and acceptance of a conveyance passing the title. The promise was to pay the owner of the lands an agreed consideration, if he convey the land to one in performance of the written contract, by the promisor to secure such conveyance. So, in this case, a written contract was entered into between the parties to convey the property, which was duly carried out by a conveyance. This was accompanied by an oral promise to pay $1,000, by the defendant to the plaintiff, in consideration of a sale of the lands owned by the plaintiff to Virginia D. Wienges, the grantee named in the agreement of sale.

The trial judge refused to nonsuit or direct a verdict in favor of the defendant. He also charged the jury "If you find this oral agreement was made, it is good in law." "It was a valid contract in law. It is not necessary in this case to have a written agreement." Exceptions were duly noted as grounds of appeal.

While there are seven grounds of appeal filed, they all involve this one point, *i. e.,* whether the oral promise sued on was within the statute of frauds and therefore unenforceable.

The trial judge applied the principle decided in Birch *v.* Baker, viz., that the statute of frauds was not applicable. This, we think, was not error.

In view of the extended discussion and citation of authorities in the opinion in *Birch* v. *Baker, supra,* there seems to be no occasion for any further discussion of this topic.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

WHITE, J. (dissenting). In order to prevent fraud our statute of frauds provided "that no action shall be brought upon any contract for sale of lands * * * unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith."

In this case the defendant is sued upon an alleged oral contract (which she denies making) to pay an additional consideration for the entering into and performance of a contract in writing by the plaintiff with a third person for the sale to the latter by the plaintiff of certain land for a definite price, all of which price such third party paid when the conveyance passed, in accordance with the written contract. If there ever was a case falling within both the terms and the purpose of the statute it is this one.

It is said, however, that as the courts will not permit the statute to prevent frauds, to be so applied as to work fraud, the defendant will be held liable on her verbal promise. admittedly void when made, because, subsequently, the third party with whom the written contract was made, accepted a conveyance in pursuance of, and in exact accordance with, such written contract, and paid the full price therein speci- fied, and this although it is not claimed that defendant benefited in any way from, or was a party to, such convey- ance, nor to the acceptance thereof.

For the reasons stated in my concurring opinion in *Birch* v. *Baker*, 85 *N. J. L.* 660, I dissent from this view. In that case the conveyance was made at defendant's request in performance of a perfectly valid written contract signed by the defendant to procure the making and delivery of just that conveyance, and, consequently, the defendant was in the same position as if the conveyance had been made to *and accepted by him.* Here there is no such situation, and, consequently, the principal established by that decision is not, in my judgment, decisive of this case.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN- CHARD, PARKER, KALISCH, BLACK, KATZENBACH, HEPPEN- HEIMER, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—WHITE, J.   1.